IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH HINES, Reg. #22514-076 | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | No. 2:14CV00074-JJV |
| C. V. RIVERA, Warden, FCI-Forrest City, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Keith Hines, an inmate at FCI - Forrest City of the Federal Bureau of Prisons.

**I.     BACKGROUND**

Mr. Hines filed the instant Petition on June 5, 2014.  (Doc. No. 1.)  He claims the Bureau of Prisons (BOP) abused its discretion by denying the application of credit for time spent in official custody while awaiting disposition of his federal charges. (*Id.* at 1.)  The Respondent has responded (Doc. No. 5), and this matter is now ripe for review.

Mr. Hines alleges the BOP did not properly give him credit for time spent in temporary federal custody from August 14, 2008, through October 13, 2009. (*Id.* at 2.)  Since he "received zero days of jail credit applied to his sentence," he requests the Court order the BOP to credit him those 426 days. (*Id.*)

Respondent has provided the declaration of James D. Crook, Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center in Oklahoma City, Oklahoma.  (Doc. No. 5-1.)  Mr. Crook reports that Petitioner was arrested by Jackson, Tennessee, police on August 24, 2008, for possession of cocaine, possession of drug paraphernalia, felony evading arrest, driving on a suspended license and violation of financial

responsibility law. (Doc. No. 5-1.)[1] On August 29, 2008, pursuant to a federal writ, Mr. Hines was temporarily released from the Madison County, Tennessee, jail to the U.S. Marshals Service. (*Id.* at 13.) He was returned to the Madison County jail and temporarily released to the U.S. Marshals Service on several different occasions. (Doc. No. 5-1.)

On December 15, 2008, Mr. Hines, while on federal writ, was sentenced in the Criminal Circuit Court of Madison County, Tennessee, to three years for felony evading arrest, case number 08-648. (*Id.*) At the same time, Mr. Hines was also sentenced to eleven months and twenty-nine days for possession of cocaine, possession of drug paraphernalia, driving on a suspended license, and thirty days confinement for violation of financial responsibility law. (*Id.*)

Mr. Hines was sentenced in U.S. District Court for the Western District of Tennessee on October 13, 2009, to 210 months imprisonment for possession with intent to distribute and distribution of cocaine in case number 1:08-10083-01-JDB. (*Id.*) He was then returned to the Tennessee Department of Correction pursuant to conditions of the writ. (*Id.*)

On June 3, 2010, Mr. Hines was released on parole from the Tennessee Department of Correction to the U.S. Marshals Service for commencement of the federal sentence in accordance with Title 18 U.S.C. § 3583(a). (*Id.*) The same day, a sentence computation was completed and his 210-month federal sentence began running June 3, 2010 - the date he was released from the Tennessee state sentence. (*Id.*) Mr. Hines received no prior custody credit because all the time he spent in custody was credited toward his Tennessee state sentence. (*Id.*) His projected statutory release date was computed to be February 18, 2019. (*Id.* at 34.)

---

[1] The Court notes Mr. Hines claims the time spent in custody began on August 14, 2008, and Mr. Crook's Affidavit and the Respondent's Response state August 24, 2008, was date of arrest. The Presentence Investigation Report from the United States District Court for the Western District of Tennessee, citing the indictment and affidavit of the case, has an August 4, 2008, date of arrest.

**II.   ANALYSIS**

It is the responsibility of the BOP, when a prison sentence has been imposed, to determine how much credit an inmate should receive for any time spent in custody before service of the present BOP sentence.  *United States v. Wilson*, 503 U.S. 329, 333-35 (1992).  Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Understandably, Mr. Hines believes he was improperly denied credit for time served.  From Mr. Hines's viewpoint, it appears he was placed in federal custody several times.  However, as Respondent correctly asserts, Mr. Hines was only in temporary federal placement pursuant to a federal writ.  The writ allowed Mr. Hines to be borrowed from state custody to appear for his federal court proceedings.  His custody still remained with the state and no time toward his federal sentence began to run.  So Mr. Hines is not entitled to additional credit for time in custody between August 2008 and October 2009.

The *Sentence Computation Manual New Law/CCCA*, Program Statement 5880.28, clearly states: "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting pre-sentence time. The primary reason for the 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." (Doc. No. 5-1 at 37.)

Mr. Hines was transferred under a writ of habeas corpus *ad prosequendum*; that writ does

not alter a prisoner's custody status, but rather merely changes the location of the custody. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994). Furthermore, credit for the time Mr. Hines is seeking in his Petition was spent in service of his state sentence and is precluded under 18 U.S.C. § 3585 (b). A federal prisoner is not entitled to credit on a federal sentence when he has received credit on a state sentence for the same time period. *U.S. v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993).

The Respondent notes that as a result of the decision in *Barden v. Keohane*, 921 F.2d 476, 478 (3rd Cir. 1990), the BOP considers an inmate's request for prior custody credit for time spent in state custody as a request for a *nunc pro tunc* designation. However, the Bureau was correct when it reviewed Mr. Hines's case and determined that, because he was already serving a state sentence at the time the federal sentence was imposed, a review for concurrent designation was not appropriate under *Barden*. (Doc. No. 5-1.) In Mr. Hines's case, the federal sentencing court was silent as to whether his sentences were concurrent. And because he was already serving a Tennessee state sentence, pursuant to 18 U.S.C. §3584, his terms must be served consecutively.

Accordingly, the Court finds the BOP has properly calculated Mr. Hines's sentence and his Petition must be dismissed.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Hines's Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice and the requested relief is DENIED.

DATED this 11th day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE